UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DENISE TALARICO, individually :
and as administratrix of the
ESTATE OF JAMES J. TALARICO, :

    Plaintiff                 :      CIVIL ACTION NO. 3:16-0082

    v.                            :
                                    (JUDGE MANNION)

SKYJACK, INC., and        :
UNITED RENTALS
(NORTH AMERICA), INC.,      :

    Defendants           :

## MEMORANDUM

Presently before the court in this products liability action is the partial motion to dismiss filed by defendant United Rentals (North America), Inc. ("United Rentals") regarding plaintiff's claims for strict liability, negligence, and breach of warranty. (Doc. 15). United Rentals argues that all of plaintiff's claims alleging that it failed to recall and retrofit a defective product should be dismissed since it had no such duty under Pennsylvania law. For the following reasons, the motion is **GRANTED**.

## I.   BACKGROUND

This is a strict liability, negligence and breach of warranty action arising from an incident on July 25, 2014 in which James J. Talarico ("decedent"), the husband of plaintiff Denise Talarico, was fatally injured. At the time of the accident, decedent was using a scissor lift manufactured by defendant

Skyjack, Inc. ("Skyjack") which was rented to the decedent by United Rentals. The scissor lift is identified as Skyjack model no. SJIII3219 and serial no. 22035620. Decedent was the owner of Pro Crew Construction Company and he was using the scissor lift at a construction site in Old Forge, Pennsylvania to transport, lift, and carry heavy objects, including sheets of dry wall.

On December 23, 2015, plaintiff, individually and as administratrix of the Estate of James J. Talarico, initiated this action by filing a complaint in the Lackawanna County Court of Common Pleas naming Skyjack and United Rentals as defendants. On January 15, 2015, United Rentals removed the action to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §1332. (Doc. 1).

On January 18, 2016, United Rentals filed a motion to dismiss the original complaint with respect to all claims related to its alleged failure to recall and retrofit the scissor lift. (Doc. 2). Counsel for United Rentals also advised plaintiff's counsel that he had sued the incorrect corporate entity for United Rentals. Plaintiff's counsel agreed to amend the pleading to name the proper corporate entity.

On February 4, 2016, plaintiff filed an amended complaint in which she named the correct United Rentals entity and Skyjack as defendants. (Doc. 9). However, plaintiff did not amend the substantive allegations of her original complaint. On February 4, 2016, the court dismissed United Rental's motion to dismiss the original complaint without prejudice. (Doc. 10).

On February 9, 2016, United Rentals filed a partial motion to dismiss plaintiff's amended complaint regarding all of her claims against it for failure to recall and retrofit the scissor lift. (Doc. 15)[1]. Specifically, United Rentals argues that since there is no duty to recall or retrofit a product under Pennsylvania law, plaintiff's allegation of negligence based on "failing to recall" the product contained in paragraph 44(h) of the amended complaint must be stricken for failure to state a claim. United Rentals simultaneously filed its brief in support of its motion. (Doc. 16). On March 7, 2016, plaintiff filed her brief in opposition to United Rental's motion to dismiss. (Doc. 18). United Rentals filed its reply brief on March 21, 2016. (Doc. 19).

Skyjack filed an answer with affirmative defenses to plaintiff's amended complaint on March 23, 2016. (Doc. 21). Skyjack admitted that it is in the business of designing, engineering, manufacturing, testing and distributing Skyjack scissor lifts, boom lifts and telehandlers. Skyjack also admitted that it conducts business in Pennsylvania. However, Skyjack alleges that decedent's injuries were caused by his own negligence, abuse and misuse of the scissor lift. Skyjack also alleges that its operating manual had several references to using three points of contact when entering and exiting a scissor lift.

---

[1]The court notes that United Rentals failed to attached a certificate of concurrence or non-concurrence to its motion to dismiss as required by the Local Rules of this court.

## II. ALLEGATIONS OF THE AMENDED COMPLAINT[2]

Plaintiff's amended complaint contains four counts against both defendants, strict liability, negligence, breach of implied warranties, and wrongful death and survival claims. Specifically, plaintiff alleges that on July 25, 2014, decedent was using the scissor lift "in an ordinary manner consistent with its intended use" and that he stepped onto the step of the scissor lift in order to retrieve a caulk gun that was located on the work platform of the lift. Decedent then "slipped from the step, caught his right foot on the step, and fell backwards approximately six to ten feet to the ground, violently striking his head on the concrete floor." Plaintiff alleges that decedent died on July 26, 2014 as a result of the injuries he sustained in the accident.

Plaintiff alleges that the scissor lift was defective because it "did not have any visual cues to direct an intended user to designated handholds", "did not have any designated handholds", and "did not have any warning(s) or instruction(s) for safe ingress and egress to the work platform".

In her negligence claim (Count II) of her amended complaint, plaintiff details how both Skyjack and United Rentals allegedly breached their duties of care and what they failed to do which allegedly amounted to negligence and caused decedent's accident. Specifically, plaintiff alleges that:

---

[2]The facts alleged in plaintiff's amended complaint must be accepted as true in considering United Rental's motion to dismiss. *See* Dieffenbach v. Dept. of Revenue, 490 Fed.Appx. 433, 435 (3d Cir. 2012); Evancho v. Evans, 423 F.3d 347, 350 (3d Cir. 2005).

> 44. Despite their knowledge of the risk of serious injury or death, Defendants Skyjack and United Rentals breached their duties to exercise reasonable care and were negligent in the following particular respects:
>> h. failing to recall, broadcast warn, advertise warn, or otherwise cause the repair of mechanisms and/or design elements which render the scissor lift unreasonably dangerous when used in an ordinary, intended and foreseeable manner.

(Doc. 9, ¶ 44(h)).

### III. MOTION TO DISMISS STANDARD

United Rental's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S.Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiff's cause of action. *Id.* Furthermore, in

order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S.Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v.

6

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## IV. DISCUSSION

United Rentals argues that "Pennsylvania law does not impose a duty to recall and/or retrofit products on manufacturers or distributors and the failure to recall or retrofit a product cannot be the basis for a claim of negligence, strict product liability or breach of warranty." (Doc. 16, at 4) (*citing* Habecker v. Copperloy Corp., 893 F.2d 49, 53 (3d Cir. 1990)*, appeal after remand*, 942 F.2d 210 (3d Cir. 1991); Lynch v. McStome & Lincoln Plaza Associates, 548 A.2d 1276, 1281 (Pa.Super. 1988). United Rentals states that since there is no duty to recall or retrofit a product under Pennsylvania law, plaintiff's allegation of negligence based on "failing to recall" the scissor lift stated in paragraph 44(h) of her amended complaint must be stricken for failure to state a claim. As such, United Rentals requests that the court strike "any and all claims of negligence and/or strict product liability and/or breach of warranty related to any alleged failure to recall the product from plaintiff's amended complaint...."

Since this court's jurisdiction is based on diversity of citizenship, 28 U.S.C. §1332, Pennsylvania law applies. Habecker, 893 F.2d at 50. In

7

Habecker, 893 F.2d at 54, the Third Circuit stated that "[a]s to the retrofit issue, no Pennsylvania case has recognized a duty to retrofit, and, indeed, one Pennsylvania case has suggested that such a duty would be inappropriate under established principles of Pennsylvania law." (*citing* Lynch, supra); *see also* Boyer v. Case Corp., 1998 WL 205695, *2 ("Pennsylvania does not recognize a duty to recall and retrofit.') (*citing* Habecker, supra); DeSantis v. Frick, 745 A.2d 624, 630 (Pa.Super. 1999) ("This Court has ruled that no post-sale duty to warn exists where no defect existed in the product at the time of sale.").

No doubt Pennsylvania courts have long rejected allegations that a defendant negligently failed to withdraw a product from the market based on their reading of prior court decisions refusing to impose a post-sale duty on manufacturers to recall or retrofit products when the product was not defective at the time of the sale. *See* Lynch, 548 A.2d at 1281.In Habecker v. Clark Equipment Co., 797 F.Supp. 381 (M.D.Pa. 1992), *aff'd* 36 F.3d 278 (3d. Cir. 1994), *cert. denied*, 514 U.S. 1003, 115 S.Ct. 1313 (1995), a forklift operator was thrown from the cab of a forklift that was out of control which lead to his death. The plaintiff asserted a post-sale failure to warn claim and alleged that the failure to install operator restraints made the forklift more dangerous. The district court held that the plaintiff could not proceed on a theory of a post-sale duty to warn for "common business appliances such as forklifts." Id. at 388. The plaintiff in *Habecker* v. *Clark* did not allege that the forklift had a latent

defect when it left the manufacturer and was sold which would make the product dangerous for everyday use. On the contrary, the plaintiff alleged that if a restraint was installed in the forklift it would have made the product safer. Habecker, 797 F.Supp. at 387. Similarly, in the present case, the plaintiff does not allege a latent defect existed in the scissor lift at the time of sale, rather she alleges that a new device, *i.e.*, "designated handholds", could be installed to make the lift safer. (Doc. 9, ¶'s 13, 27, 40, 53). Regardless, courts have held that despite a limited post-sale duty to warn under Pennsylvania law in cases where the product was defective from the date of the manufacture and where the manufacturer had notice of the defect when the product was sold, *see* Walton v. Avco Corp., 530 Pa. 568, 610 A.2d 454 (1992) (helicopter with defective part in engine of which helicopter manufacturer was aware and failed to warn owners), "that the limited duty to warn created in *Walton* does not, however, extend to the duty to recall and retrofit." Padilla v. Black & Decker Corp., 2005 WL 697479, *7 (E.D.Pa. March 24, 2005).

Nonetheless, plaintiff contends that the recent Pennsylvania Supreme Court case of Lance v. Wyeth, 624 Pa. 231, 242, 85 A.3d 434 (2014), permits her allegations contained in paragraph 44(h) of her amended complaint since she "is clearly and unambiguously assigning negligence to Defendants' 'decision to continue to sell' the subject defective scissor lift 'despite their knowledge of its unreasonable risks.'" (Doc. 18, at 7-8). *See* Lance, 85 A.3d at 459–60 ("the law of negligence establishes a duty, on the part of

9

manufacturers, which can be viewed on a continuum from the requirements of: a warning of dangers, through a stronger warning if justified by the known risks, through non-marketing or discontinuance of marketing when it becomes or should become known that the product simply should not be used in light of its relative risks. We agree ... that this entire continuum is within the scope of the general framework of the applicable duty of care").

In *Lance*, the Pennsylvania Supreme Court considered whether the plaintiff's complaint was sufficient to state a claim regarding the allegation that the defendant drug manufacturer had a duty to withdraw a prescription diet drug (Redux) from the marketplace if it knew or should have known that the drug was too dangerous to be used by anyone. Specifically, in *Lance* plaintiff claimed that the drug manufacturer Wyeth was negligent because it failed to stop the distribution of two of its versions of the diet drug Phen-Phen once it knew that the drug was "unreasonably dangerous for any person to use." Lance, 85 A.3d at 437. The Pennsylvania Supreme Court in *Lance* restated that there is a bar on all strict liability claims in Pennsylvania with respect to prescription drugs and again refused to hold prescription drug manufacturers strictly liable. Lance, 85 A.3d at 438, 453 (stating that, "for policy reasons this Court has declined to extend strict liability into the prescription drug arena").

The Court in *Lance* also held that there was not any immunity for pharmaceutical companies from negligent design defect claims "which would insulate [them] from civil liability for manufacturing and/or disseminating

products which they know or should have known are simply too dangerous to be used." Lance, 85 A.3d at 461. Additionally, the Court held that "[a] company which is responsible for tendering into the market a drug which it knows or should know is so dangerous that it should not be taken by anyone can be said to have violated its duty of care either in design or marketing." Lance, 85 A.3d at 458; *see also* Runner v. Bard, 108 F.Supp.3d 261, 271 (E.D.Pa. 2015) (*Lance* Court "recognized that pharmaceutical companies could not be insulated from design defect claims").

The *Lance* Court stated that "[r]egarding Wyeth's comparisons of [plaintiff's] theories with a post-sale duty to recall or retrofit, we agree with [plaintiff]...that the comparison is unuseful." 85 A.3d at 460. The Court then stated in Lance, 85 A.3d at 460, "[w]hatever the policy considerations may be in the recall/retrofit arena, we are convinced that a manufacturer or supplier has a duty to cease further distribution of a product at such point as it may know, or may reasonably be charged with knowledge that the commodity is too dangerous to be used by anyone." Thus, in Lance, 85 A.3d at 461, the Court concluded that "[u]nder Pennsylvania law, pharmaceutical companies violate their duty of care if they introduce a drug into the marketplace, or continue a previous tender, with actual or constructive knowledge that the drug is too harmful to be used by anyone." As such, the Court indicated that while it "declined to extend strict liability into the prescription drug arena", negligent design defect claims as well as "other governing aspects of

11

Pennsylvania tort law delineating product-manufacturer duties and liabilities" could be asserted against pharmaceutical companies. Lance, 85 A.3d at 452-53.

This court finds that plaintiff's reliance on *Lance* is misplaced. Simply stated, the Court in *Lance* held that a person injured by a pharmaceutical product can recover against the drug manufacturer under Pennsylvania law based on negligence theories, including failure to warn, design defect[3] and negligent marketing. Thus, a plaintiff can allege a negligent failure to warn which includes a continuing duty to warn of dangers of which the manufacturer becomes aware after the product is sold. However, in light of the above discussion, this court does not find that the Pennsylvania Supreme Court in *Lance* announced a duty to recall and/or retrofit as plaintiff contends. Nor does it find that an independent negligence cause of action exists in Pennsylvania under a duty to recall and/or retrofit.

As such, the court agrees with United Rentals that "*Lance* has no application to this case" and that "[t]he [PA] Supreme Court is clear in *Lance* that it is making no pronouncement on the established Pennsylvania law on

---

[1]The court notes that "evidence of an alternative, feasible, safer design is not an 'absolute prerequisite' to the advancement of a design-defect claim." Houtz v. Encore Medical Corp., 2014 WL 6982767, *6 (M.D.Pa. Dec. 10, 2014) (*citing* Lance, 85 A.3d at 458 n. 36). Rather, it is only an essential element of such a claim if it is "predicated on a theory of design defect based upon the availability of an alternative safer design." Id. (*citing* Lance, 85 A.3d at 458 n. 36).

no duty to recall or retrofit which is that no such duty exists." (Doc. 19, at 4). Thus, neither United Rentals nor Skyjack can be held liable for a failure to retrofit and/or recall the scissor lift.

## V. CONCLUSION

In light of the foregoing, United Rental's motion to dismiss paragraph 44(h) of plaintiff's amended complaint, (Doc. 15), shall be **GRANTED** and all of plaintiff's claims of liability for failure to recall or retrofit the scissor lift shall be **DISMISSED WITH PREJUDICE**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 13, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0082-01.wpd